(No. 13662.—Reversed and remanded.)
WILBUR H. IRWIN, Appellant, vs. ULLRICH C. SHEPHERD
et al. Appellees.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

SCHOOLS—*all provisions of the Ballot law apply to election for board of education of community high school.* All provisions of the Australian Ballot law apply to an election for board of education for a community high school, and the ballots must be indorsed on the back with the *fac simile* signature of the officer calling the election. (*People* v. *Williams, ante,* p. 86, followed.)

APPEAL from the County Court of DeWitt county; the Hon. JOHN BEDINGER, Judge, presiding.

FRANK LEMON, and LEFORGEE, BLACK & SAMUELS, for appellant.

L. O. WILLIAMS, and HERRICK & HERRICK, for appellees.

Per CURIAM : This is an appeal from the judgment of the county court of DeWitt county declaring two of appellees elected members of the board of education of Community High School District No. 117, in said county. The election was held April 10, 1920, for two members of the board. The canvass of the votes by the election officials showed that appellees, Kirby and Shepherd, were elected. On a contest of the election in the county court the same result was found, and from that judgment this appeal was brought to this court.

Several questions are raised in this appeal, including the size of the ballots, the marking of certain ballots, the proclamation of the result, and whether the election was conducted in accordance with certain provisions of the Australian Ballot law, notably the requirements of section 14 of said law that the ballots shall be indorsed on the back with the words "Official ballot," and a *fac simile* signature

of the clerk or other officer who has caused the ballots to be printed, and other details. In the view we take of the case it is necessary to consider only the last point,—that all the provisions of the Australian Ballot law were not followed in conducting this election. This appears to be conceded by appellees. Under the reasoning of this court in *People* v. *Williams,* (*ante,* p. 86,) it must be held that all the provisions of the Australian Ballot law should have been followed in the conduct of the election, and because of the failure to follow such provisions in detail the election must be held invalid.

For this reason the judgment of the county court must be reversed and the cause remanded for further proceedings in conformity with the views expressed in the opinion in *People* v. *Williams, supra.*   *Reversed and remanded.*